IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| AMBER CALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| v. | ) | CV-16-217 |
| | ) | JURY DEMAND |
| | ) | |
| PERDUE FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**I.   JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §1981 providing for injunctive and other relief against retaliation in employment.

2. The plaintiff is filing her retaliation lawsuit within four years of her retaliatory termination on January 6, 2016.

**II.   PARTIES**

3. Plaintiff, Amber Calloway, is a female African-American citizen of the United States and a resident of Americus, Georgia. The plaintiff was employed by the defendant at its Perry, Georgia location prior to her retaliatory discharge.

4. Defendant, Perdue Farms, Inc. (Perdue Farms and/or defendant), is an entity subject to suit under 42 U.S.C. §1981.

1

**III.     FACTUAL ALLEGATIONS REGARDING RETALIATION**

5.   The plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6.   The plaintiff has been retaliated against in termination, job/work assignments, and other adverse terms and conditions of employment because of her race and for taking medical leave.

7.   The plaintiff had been employed with the defendant from July 28, 2010 until her retaliatory termination on January 6, 2016.

8.   During the plaintiff's employment, she performed her duties and responsibilities in a satisfactory manner and had not been written up and/or counseled for poor work performance.

9.   During plaintiff's employment, specifically during the March/April 2015 time period, she made complaints to Corporate regarding the hostile working environment at the plant. The plaintiff was told her complaints would be kept confidential; however, plaintiff believes that management knew that she made complaints to corporate.

10.   The plaintiff worked in the Cold Department at the Plant.   Due to her allergic reaction to the cold temperatures, the plaintiff had to seek medical treatment and took medical leave beginning in May 2015.

11.   The plaintiff was able to return to work as long as she did not have to work in the Cold Department.   The plaintiff even attempted to return to work approximately 12 times from May 2015 until her retaliatory termination on January 6, 2016.

12.   On information and belief, the defendant allowed similarly situated Caucasian employees, employees who had not made complaints, and employees who had not taken medical

leave to work in other departments, if necessary.

13. The defendant's proffered reasons for termination were pretext for retaliation.

14. The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**IV.   PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §1981.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §1981.

3. Enter an order requiring the defendant to make the plaintiff whole by awarding her the position she would have had occupied in the absence of retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL APPLICABLE ISSUES.

                    Respectfully submitted,

                    /s/ William Gregory Dobson, Esq.
                    William Gregory Dobson, Esq.
                    Georgia Bar No. 237770
                    LOBER & DOBSON, LLC
                    830 Mulberry Street, Ste. 201
                    Macon, Georgia 31201
                    Telephone: (478) 745-7700
                    Facsimile: (478) 745-4888

OF COUNSEL:

Gregory O. Wiggins (*pro hac vice* to be filed)
WIGGINS, CHILDS, PANTAZIS,
      FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (fax)


**DEFENDANT'S SERVICE ADDRESS:**

Perdue Farms, Inc.
c/o CT Corporation System, Registered Agent
1201 Peachtree Street, NE
Atlanta, Fulton County, Georgia 30361